UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------
IN RE:                                    )        CASE NO. 12-21033 (ASD)
                                          )
DRAKE T. SMITH,                           )        CHAPTER 7
                                          )
                                          )        RE: ECF NO. 14
            DEBTOR.                       )
-----------------------------------------------------

**BRIEF MEMORANDUM AND ORDER IMPOSING SANCTIONS ON
WINDHAM COMMUNITY MEMORIAL HOSPITAL IN THE FORM OF
ATTORNEYS' FEES AND COSTS**

**I. BACKGROUND**

Before the Court is the Debtor's *Motion to Reopen Case and Request for Actual Damages, Sanctions and Attorney's Fees* (hereinafter, the "Motion"), ECF No. 14, filed by the Debtor, Drake T. Smith (hereinafter, the "Debtor"), wherein the Debtor seeks damages against Windham Community Memorial Hospital (hereinafter, "Windham") and Optimum Outcome, Inc. (hereinafter, "Optimum"), for allegedly violating the Bankruptcy Code's discharge injunction by attempting to collect a debt from the Debtor in connection with medical services provided to the Debtor during a period prior to April 29, 2012, when the Debtor instituted Chapter 7 bankruptcy proceedings under Title 11 of the United States Code.

The Plaintiff seeks damages against Windham and Optimum for violating 11 U.S.C. §524(a)(2) by virtue of Windham's mailing to the Debtor, or about July 24, 2012[1]

---

[1] As the Debtor did not receive his Discharge until August 8, 2012, the first letter violated the automatic stay of §362(a), rather than the permanent injunction of §524(a). *See* Part II, Discussion, p. 3, *infra*. However, Counsel's Affidavit does not seek damages related to time periods prior to the August 8, 2012 entry of the Discharge.

and again on or about November 12, 2012, collection letters, and thereafter referring further collection of the debt to Optimum, a collection agency, which on December 11, 2012, telephoned the Debtor demanding payment of the debt.

The Debtor filed a voluntary Chapter 7 petition on April 29, 2012, and received his discharge (heretofore and hereinafter, the "Discharge") on August 8, 2012.  ECF No. 12. On March 28, 2013, the Debtor filed the Motion with the attached *Affidavit of Drake T. Smith* (hereinafter, the "Debtor's Affidavit") in which he set forth that the Windham debt was scheduled on his bankruptcy petition; that proper notice of his bankruptcy filing was sent to Windham at the time of the bankruptcy; that on or about October 22, 2012, following his receipt of the first collection letter from Windham he mailed to Windham a copy of his Discharge Order; that notwithstanding his mailing of the Discharge Order another collection letter from Windham was sent to him on November 12, 2012; that subsequent to his receipt of the second letter, on December 11, 2012 he received a telephone call from Optimum demanding payment of the debt.  The Affidavit does not allege that Optimum had been sent notice of the bankruptcy or that when Windham referred collection of the debt to Optimum, Optimum was informed about the Debtor's bankruptcy or had any independent knowledge of the bankruptcy prior to its telephone call to the Debtor.  The Affidavit also alleged, "13. I have suffered emotional distress resulting from WCMH and Optimum's illegal and continued efforts to collect a discharged debt [and] 14. I have further incurred actual damages and attorney's fees."

At the hearing on the Motion held April 18, 2012 (hereinafter, the "Hearing"), Sergei Lemberg, counsel for the Debtor (hereinafter, "Counsel") appeared without the Debtor and no one appeared for Windham or Optimum.  The Court engaged in a

colloquy with Counsel to ascertain that notice of the Hearing was adequate and Counsel assured and satisfied the Court that not only had notice been sent to the affected parties but that his staff had personally contacted their representatives to make sure that they had received copies of the Motion and Affidavit. The Court also enquired as to whether Counsel wished additional court time to substantiate in greater detail the Debtor's claims to having suffered actual damages and/or support his request for attorney's fees with time records. Debtor's counsel declined the Court's offer of additional court time to present evidence to substantiate the Debtor's actual damages with testimony or other supporting documents but did indicate that he wanted the opportunity to supplement his attorney's fees request. Thereafter, on May 1, 2013, Counsel submitted *Affidavit of Sergei Lemberg, Esq. in Support of Attorney's Fees and Costs* and *Exhibit A* (heretofore and hereinafter, "Counsel's Affidavit"), ECF No. 17, in which Counsel listed the date, nature of the activity performed, and time spent, which totaled $2,720 in fees, and $260 in out-of-pocket costs.

## II. DISCUSSION

Bankruptcy law applicable to this matter is straightforward, clear and simple. Upon the August 8, 2012 entry of the Discharge Order in this case, the automatic stay of §362(a) dissolved and was replaced by the permanent injunction of §524(a) which provides, in pertinent part:

> A discharge in a case under this title —
>
> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any . . . debt as a personal liability of the debtor . . . .

11 U.S.C. § 524(a)(2).

Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Where an entity knowingly violates the discharge injunction, it can be held in contempt under §105(a) of the Bankruptcy Code.  *In re Egbarin*, No. 00-23132, 2007 Bankr. LEXIS 3512 (Bankr. D. Conn. October 11, 2007).  "'However, to find one in civil contempt of the §524(a)(2) injunction, the burden rests with the movant to show … that the offending … entity had knowledge of the discharge and willfully violated it by continuing with the activity complained of.' *Waswick v. Stutsman County Bank*, 212 B.R. 350, 352 (Bankr. D.N.D. 1997)." *Cultrera v. People's Bank (In re Cultrera)*, 360 B.R. 28, 31 (Bankr. D. Conn. 2007). "Actions that violate the discharge injunction are willful if the creditor that violates the discharge injunction knows the injunction has been entered and intends the actions that violate it. . . . That the actions are intentional--as opposed to the actual violation of the injunction being intentional--is sufficient." *McClure v. Bank of America* (*In re McClure)*, 420 B.R. 655 (Bankr. N.D. Tex. 2009) (citation omitted).

Here the Debtor's unrefuted Affidavit supports the assertions in the Motion that not only did Windham receive notice of the bankruptcy, but also received the Discharge notice from the Debtor directly.  Windham also received constructive notice through its collection agent, Optimum, which was advised by the Debtor of the bankruptcy.  The November 12, 2012 letter was sent by Windham to the Debtor, and Windham's referral to Optimum for collection were done deliberately and not inadvertently after Windham received notice of the Discharge.

4

On the other hand, there is no indication that prior to December 11, 2012, Optimum was aware of the bankruptcy or the Discharge. Moreover, upon the Debtor's December 11, 2012 oral, telephonic notification of the bankruptcy Optimum apparently ceased its collection efforts.  "An agent cannot be imputed with information which his principal has failed to give him. *S.O.G.-San Ore-Gardner v. Missouri P. R. Co.*, 658 F.2d 562, 567 (8th Cir. 1981)." *Waswick v. Stutsman County Bank (In re Waswick)*, 212 B.R. 350, 353 (Bankr. D.N.D. 1997).

Compensatory damages, in addition to coercive sanctions, may be awarded under §105 as a sanction for civil contempt if a party willfully violates a section 524(a)(2) injunction. *Garcia v. North Star Capital Acquisition, LLC (In re Garcia)*, No. 09-54517, 2013 Bankr. LEXIS 404, at *24 (Bankr. W.D. Tex. February 1, 2013); *In re Egbarin*, 2007 Bankr. LEXIS 3512, at *3-4.  Here, however, the Debtor has offered no evidence to support his claim for compensatory damages for emotional distress.  While the Debtor claims in his Affidavit that he suffered emotional distress, the Court notes that after he received his first collection letter from Windham on July 24, 2012 he did not respond to the letter until October 22, 2012.  Further, where as here the conduct is not egregious, punitive damages are rarely awarded in civil contempt actions for violation of the discharge injunction. *In re Egbarin*, 2007 Bankr. LEXIS 3512, at *6,

It has been held that attorney's fees also may be awarded if, in addition to showing that the breach of the discharge injunction was willful, it is established that the defendant acted in bad faith or in a vexatious or oppressive manner. *In re Dabrowski*, 257 B.R. 394, 416 (Bankr. S.D.N.Y. 2001); *In re Cruz*, 254 B.R. at 816.  "'The purpose of a civil contempt proceeding is to coerce compliance or compensate the party injured

by a violation of an order or injunction.'" *New York State Nat. Organization for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998)." *Egbarin*, 2007 Bankr. LEXIS 3512, at *6-7. Here, the fact that repeated attempts were made by Windham to collect the debt, directly and through its collection agent, Optimum, even after it received several notices of the bankruptcy filing and Discharge should *per se* be considered "bad faith."

Thus, the Debtor is entitled to have his attorney's fees paid by Windham for the time spent by his Counsel in sending correspondence to Windham and Optimum, in preparing the Motion and Affidavit and in appearing in Court on the Debtor's behalf, seeking to enforce the Debtor's rights under the discharge injunction.  As previously noted, Counsel has submitted the Counsel's Affidavit including a time sheet indicating that his law firm spent ten (10) hours on the case, at a blended rate of $272 a hour, for total fees of $2,720, plus costs for filing fees of $260.

### III. ORDER

**WHEREFORE**, for the reasons stated above, the Debtor's *Motion to Reopen Case and Request for Actual Damages, Sanctions and Attorney's Fees* is **GRANTED** in part and **DENIED** in part, in accordance with which:

**IT IS HEREBY ORDERED** that the Motion to Reopen the case is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Debtor's request for an award of actual damages from Windham Community Memorial Hospital is **DENIED**; and

**IT IS FURTHER ORDERED** that the Debtor's request for an award of attorney's fees from Windham Community Memorial Hospital is **GRANTED** and Debtor's Counsel, Sergei Lemberg, Esq., is awarded the sum of $2,720 in attorney's fees plus $260 in

costs which Windham shall pay to said Counsel on or before October 25, 2013. Counsel may retain said attorney's fees and costs unless the fees have already been paid to Counsel by the Debtor, in which case, Counsel shall upon receipt from Windham pay over said fees and costs to the Debtor as reimbursement.

**IT IS FURTHER ORDERED** that the request for the awarding of actual damages, sanctions and attorney's fees and costs from Optimum Outcome, Inc., is **DENIED**.

Dated: October 3, 2013                                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge